## THE PAPA.

### WILLIAMS et al. v. THE PAPA.

*(District Court, E. D. Pennsylvania. May 8, 1891.)*

1. ADMIRALTY—SALE OF VESSEL—DISTRIBUTION OF PROCEEDS—DEBT NOT DUE.
   Where a vessel has been attached and sold as perishable, and the resulting fund paid into court for distribution, a libel for a debt acknowledged to exist, the lien of which was discharged by the sale, will not be dismissed even if the debt was not due at the time of suit brought.

2. SAME—RIGHT TO COSTS.
   Costs will be given against a libelant who sues for a debt before it is due even though, on account of the circumstances of the case, the libel is retained.

In Admiralty.

Libel by Williams & Co. to recover the principal sum of £250 and interest, advanced on the credit of the vessel when the latter was at Montevideo, and agreed to be paid to said Williams & Co. 10 days after her return to Montevideo, or in event of the abandonment of the voyage back to Montevideo before the vessel left the United States. This suit was begun by attaching the vessel in Philadelphia on the allegation that the voyage back was abandoned. Subsequently under another attachment she was sold as perishable, and the proceeds paid into court for distribution.

*John Q. Lane,* for claimants.

*Curtis Tilton,* for libelants.

BUTLER, J. The only question raised is: was the suit of Williams & Co. premature? The indebtedness and lien on the vessel are not open to controversy. The time appointed for payment is "ten days after the vessel's return to Montevideo;" or in case she should abandon her voyage back, then before leaving the United States. The libelants, Williams & Co., proceeded on the assumption that the voyage back was abandoned, and the money consequently due. Whether this assumption is sustained by the proofs (which is open to serious doubt) need not be decided at this time. The question involves nothing more than the costs of Williams & Co.'s suit. If the money was not due, Williams & Co. should pay them. We should not however, in view of the circumstances about to be stated, turn the libelants out of court. The vessel was sold as perishable, while held under attachment of Wesenburg & Co., and the money is now in court to answer all just claims upon it. Williams & Co.'s lien is discharged, and they must be admitted to participate in the distribution. The case will therefore be sent to a commissioner to ascertain all necessary facts and report a distribution. as well as a proper disposition of costs, referred to, and to return all additional testimony that may be taken to the court. John A. Toomey, Esq., is appointed commissioner for the purposes stated.